**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DOROTHY J. RUNFOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 11-0052 Erie |
| MARMAXX OPERATING CORP., ) | |
| d/b/a T.J. Maxx, TJX COMPANIES, ) | |
| INC., PA-EASTWAY, INC. and ) | |
| MILLCREEK PLAZA COMPANY ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

July 1, 2013

**SEAN J. McLAUGHLIN,
Chief United States District Judge.**

Plaintiff Dorothy J. Runfola ("Mrs. Runfola"), of Fredonia, New York, has filed a personal injury lawsuit against defendants Marmaxx Operating Corporation and Millcreek Plaza Company Limited Partnership ("Defendants"), alleging that their negligent installation of a handrail in a handicap bathroom stall caused her to fall and sustain debilitating physical and emotional injuries. [ECF No. 1.] Mrs. Runfola seeks money damages, attorneys' fees, and costs. This court's jurisdiction is based on 28 U.S.C. § 1332.

Before the court are Defendants' motions for summary judgment. [ECF Nos. 20, 25.] For the reasons explained below, the motions will be granted.

1

## I. FACTUAL BACKGROUND

On January 23, 2010, Mrs. Runfola and her daughter, Sara Runfola ("Sara"), went shopping at the T.J. Maxx store operated by Marmaxx and located in the shopping plaza owned by Millcreek in Erie, Pennsylvania. (Pl.'s Reply to Defs.' Mot., ECF No. 29, at ¶ 1.) T.J. Maxx has been Millcreek's tenant in the Erie, PA location since 1986. (Id. at ¶¶ 3, 4, 16.) At the time of her visit to the store, Mrs. Runfola was 84 years-old and walked with the assistance of a cane. (Id. at ¶¶ 2, 14.) While Mrs. Runfola and her daughter were shopping in the store, they stopped to use the restroom. (Id. at ¶¶ 1, 2.) Mrs. Runfola entered the handicap stall and her daughter entered the adjoining non-handicap stall. (Id. at ¶ 2; Dep. Sara Runfola, ECF No. 28-3, pp.54-56 and 63-64.) The stalls are separated by a shared metal wall. (Id.)

The handicap stall is equipped with a handrail, which the parties refer to as a "grab bar," that attaches to the concrete walls adjacent to and behind the toilet. (See Def. Millcreek's Apx. to Mot., ECF No. 28-8.) From the perspective of one sitting on the toilet seat, the grab bar snakes around the right side of the toilet and extends behind where the toilet attaches to the concrete wall, such that the grab bar is "L" shaped, with the toilet positioned in the center of the vertical extension of the "L," facing outward. The bar is not attached to the shared metal wall to the left of the toilet seat, although the shared wall is equipped with a plastic toilet paper dispenser.

Sara testified that she escorted her mother into the handicap stall and wiped the toilet seat with an antibacterial wipe. (Dep. Sara Runfola at p.51.) Having done so, Sara exited the stall to allow her mother to use the toilet. (Id.) Mrs. Runfola, who was standing by the toilet unbuttoning and "fussing with" her pants when Sara left, then took "a couple of steps" from the

2

toilet to the door of the stall to lock it. (Id. at pp. 16, 52.) At the time Mrs. Runfola did so, her cane was propped up against the concrete wall. (Id. at 53.)

Shortly after she entered the adjoining stall and began to use the facility, Sara heard her mother fall against what she believed to be the shared metal wall. (Id. at pp. 52, 54.) Sara immediately crawled beneath the shared wall and discovered her mother sitting on the floor of the stall, upright against the wall. (Id.) When she was interviewed by the emergency medical services personnel called to the scene, Mrs. Runfola stated that she was "attempting to sit on [the] toilet, when she fell on the floor" because she "lost her balance." (ECF No. 29-6, at p.1.) At her deposition, Mrs. Runfola testified that she lost her balance "*[p]robably* reaching for a bar or toilet paper or something like that." (Dep. Dorothy Runfola, ECF No. 28-2, p.14.)(Emphasis added.) Mrs. Runfola claimed that her fall occurred before she had the chance to use the bathroom. (Dep. Sara Runfola at p.19.)[1] Sara contended in her deposition that her mother's fall was caused by the rightmost section of the grab bar being installed too far from the reach of the toilet, which led to Mrs. Runfola's losing her balance as she attempted to lower herself onto the seat. (Id. at pp.56-57.)

Following her mother's accident, Sara returned to the T.J. Maxx store to measure the distance between the toilet seat and the grab bar attached to the adjacent-right wall, which she determined to be approximately 30 inches. (Dep. Sara Runfola at pp.27-28; Pl.'s Resp. to Interrogs., ECF No. 29-8, ¶ 1.) Mrs. Runfola alleges that this distance violates the design standard set forth by the American National Standards Institute ("ANSI"), which requires public toilet seats "to be positioned at 18 [inches] from the surface of the wall of the slab with the side

---

[1] As a result of the fall, Mrs. Runfola sustained a complex fracture to her left femur, which required surgery and several months of intense physical therapy. (Compl. at ¶ 15; Dep. Sara Runfola at pp.33-38.)

grab bar installed on it." (Pl.'s Resp. to Interrogs. at ¶ 1.) She further alleges that municipalities in Pennsylvania had adopted this requirement at the time the facility was jointly designed and constructed by Defendants in 1986, and that it was subsequently incorporated into the International Building Code, which Pennsylvania adopted in 2004. (Id. at ¶¶ 2, 4.) Mrs. Runfola contends that the Defendants' failure to install the grab bar in compliance with the applicable standards was the cause of her fall.[2]

Mrs. Runfola filed this personal injury action in the Court of Common Pleas of Erie County, Pennsylvania on February 7, 2011. Defendants timely removed to this court.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In evaluating the motion, the court may not weigh the evidence or make credibility determinations, and it must draw all factual inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of a factual dispute will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact – that is, a fact that would affect the outcome of the suit under the governing substantive law – will preclude the entry of summary judgment. Liberty Lobby, 477 U.S. at 248. Even then, the dispute over the material fact must be genuine, such that a reasonable jury could resolve it in the nonmoving party's favor. Id. at 248-49.

---

[2] Defendants do not dispute that the placement of the grab bar did not comply with the requirements of the ANSI. (ECF No. 48, Hearing Tr. at 4:19-22.)

A defendant who moves for summary judgment is not required to refute every essential element of the plaintiff's claim. Rather, the defendant must only point out the absence or insufficiency of plaintiff's evidence offered in support of one or more those elements. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the movant meets that burden, the party opposing summary judgment must present sufficient evidence demonstrating that there is indeed a genuine and material factual dispute for a jury to decide. Id. at 323-25. If the evidence the non-movant produces is "merely colorable," "not significantly probative," or speculative, the moving party is entitled to judgment as a matter of law. Liberty Lobby, 477 U.S. at 249.

### III. DISCUSSION

Mrs. Runfola claims that had the Defendants installed the grab bar properly, she would have been able to grab it and thereby avoid her fall. The Defendants counter that Mrs. Runfola has failed to provide sufficient evidence, from which a reasonable jury could find, without pure speculation, that the placement of the grab bar was a causative factor in her fall.

To establish a prima facie claim of negligence under Pennsylvania law, a plaintiff must show: (1) a duty or obligation recognized by the law, requiring the defendant to conform to a certain standard of conduct; (2) the defendant's failure to conform to the standard required; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage resulting from the defendant's conduct. Monea v. South Hills Health Sys., 462 A.2d 680, 682 n.5 (Pa. 1983)(citing Prosser, *Law of Torts*, § 30 at 143 (4th ed. 1971)).[3] The plaintiff

---

[3] As a federal court sitting in diversity, the court must apply the substantive law of the state in which the cause of action arose. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 82 (1938). The parties do not dispute that Pennsylvania law applies to this case.

must prove each of these elements by a preponderance of the evidence. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

The duty of care that a possessor of land owes to an entrant depends upon whether the entrant is a trespasser, a licensee, or an invitee. Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). Consistent with the *Restatement (Second) of Torts*, Pennsylvania law recognizes two forms of invitees: (1) public invitees, who are persons "invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public," and (2) business invitees, or those invited onto the premises "for a purpose directly connected with business dealings with the possessor of the land." Id.; *Restatement (Second) of Torts* § 332 (1965). The possessor must use reasonable care to make the premises safe for the invitee's use and provide the invitee with adequate and timely warnings of dangers known to the possessor but that are unlikely to be discovered by the invitee. Crane v. I.T.E. Circuit Breaker Co., 278 A.2d 362, 363-64 (Pa. 1971)(citing the *Restatement (Second) of Torts* § 343). However, there may also be a duty to protect an invitee against known dangers where, depending on the circumstances, the possessor should anticipate harm to the invitee notwithstanding any knowledge the invitee might otherwise possess. *Restatement (Second) of Torts* § 343, Comment (b). The parties here agree that Mrs. Runfola was a business invitee and that she was owed this heightened duty of care.

Pennsylvania law is clear that "[t]he mere happening of an accident is no evidence of negligence." Lanni v. Pennsylvania R.R. Co., 88 A.2d 887, 888 (Pa. 1952). Thus, regardless of whether "the defendant breached some duty of care owed to the plaintiff, it is still incumbent on a plaintiff" to prove that the defendant's conduct caused the plaintiff's injury. Hamil, 392 A.2d

6

at 1284. This is required even where the plaintiff invokes the doctrine of negligence *per se*, which will establish both duty and breach if it can be shown that the defendant violated a statute, ordinance, or regulation that is designed to prevent public harm and the plaintiff is within the class of persons whom the legislature sought to protect. Cabiroy v. Scipione, 767 A.2d 1078, 1079 (Pa.Super. 2001).

A plaintiff may prove that the defendant's conduct was the factual and proximate cause of the plaintiff's injuries by either direct or circumstantial evidence. Lanni, 88 A.2d at 888 ("[n]egligence need not be proved by direct evidence, but may be inferred from attendant circumstances if the facts and circumstances are sufficient to reasonably and legitimately impute negligence."). When a plaintiff relies on circumstantial evidence to prove causation, "such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh . . . any other evidence and reasonable inferences" that could otherwise be drawn. Flagiello v. Crilly, 187 A.2d 298, 290 (Pa. 1963).

Whether the plaintiff has offered sufficient circumstantial evidence of causation is normally a question of fact for a jury to decide. However, the question must be removed from the jury's consideration when the circumstantial evidence adduced would force the jury to speculate or guess as to whether a particular act by the defendant was the physical cause of the plaintiff's injury. Hamil, 392 A.2d at 1284 (citing *Restatement (Second) of Torts* § 434); Smith v. Bell Tel. Co. of Pa., 153 A.2d 477, 479-80 (Pa. 1959). That is to say, the plaintiff must offer affirmative proof – that is, some quantum of evidence in the record that rises above "conjecture, guess, or speculation" – that would enable a reasonable person to conclude that the plaintiff's injuries were more likely than not caused by the defendant's conduct. Id.; Galullo v. Federal

Express Corp., 937 F.Supp. 392, 397 (E.D.Pa. 1996)(citing W.P. Keeton et al., *Prosser and Keeton on Torts* § 39 (5th ed. 1984)); see also BLACK'S LAW DICTIONARY 1334 (9th ed. 2009)(defining "affirmative proof" as evidence establishing the fact in dispute by a preponderance of the evidence).

In Erb v. Council Rock Sch. Dist., the plaintiff fell while traversing a ramp on the defendant's property and identified the lack of a handrail as the cause of her fall. In her deposition, the plaintiff could not recall what initiated her fall, and testified only that the lack of a handrail to stop her fall led to her injuries. 2009 WL 9097261 at *3 (Pa.Comm.Pl. Mar. 26, 2009). The court held that this quantum of evidence was insufficient as a matter of law to prove causation. Id. at *5. Similarly, in Noiles v. MacDonald, the plaintiff fell as she was descending a flight of stairs in the defendant's home where the handrail attached to the adjacent wall extended only halfway across the second step from the bottom. 1988 WL 21836 at *1 (E.D.Pa. Mar. 7, 1988). As proof of causation, the plaintiff averred that "as she was descending the stairs, she slipped near the bottom and grabbed for the railing which was non-existent at that point," and that the railing's nonexistence "was a substantial factor in her fall." Id. Applying Pennsylvania law, the court held that the plaintiff's explanation that "the lack of a graspable handrail was a substantial factor in causing the fall" was insufficient circumstantial proof of causation. Id. at *2; see also Martinowski v. Com. Dept. of Transp., 916 A.2d 717, 721 (Pa.Cmwlth. 2007)(a motorist who had no memory of why she lost control of her vehicle and injured herself when she hit a guardrail failed to circumstantially prove causation); Saylor v. Green, 645 A.2d 318, 320 (Pa.Cmwlth. 2006)(motorist who provided no reason or evidence as to

why his vehicle left the road and struck a tree provided insufficient evidence to justify an inference of causation).

Here, as in the cases discussed above, the evidence of record would require the jury to speculate about what caused Mrs. Runfola's fall and whether the placement of the grab bar was a causative factor.  To reiterate, there were no eyewitnesses to the fall, and Mrs. Runfola cannot say with any certainty whether she lost her balance reaching for a grab bar, a piece of toilet paper, or whether she became unsteady on her feet as a result of "fussing with her pants." In sum, Mrs. Runfola's case fails on the causation prong, and Defendants are thus entitled to judgment as a matter of law.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY J. RUNFOLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 11-0052 Erie |
| MARMAXX OPERATING CORP., | ) |
| d/b/a T.J. Maxx, TJX COMPANIES, | ) |
| INC., PA-EASTWAY, INC. and | ) |
| MILLCREEK PLAZA COMPANY | ) |
| LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendants. | ) |

**SEAN J. McLAUGHLIN,**
**Chief Judge United States District Judge.**

## ORDER

AND NOW, this 1st day of July, 2013, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the defendants' Motions for Summary Judgment [ECF Nos. 20 and 25] are GRANTED. Defendants' Cross-Motions for Summary Judgment are DENIED AS MOOT. JUDGMENT is hereby entered in favor of Marmaxx Operating Corp. and Millcreek Plaza Company Limited Partnership and against plaintiff Dorothy J. Runfola. The Clerk of Court is directed to mark this case CLOSED.

*s/ Sean J. McLaughlin*
Chief Judge, U.S. District Court for the
Western District of Pennsylvania

cm:   All parties of record